UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIVE NATION MERCHANDISE, INC., | ) <br> ) <br> ) |
| Plaintiff, | ) CIVIL ACTION NO. 1:19-cv-11716 |
| vs. | ) <br> ) |
| JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANY, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT
AND VIOLATIONS OF THE LANHAM ACT**

Plaintiff files this complaint against defendants, alleging as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

**PARTIES**

2. Plaintiff Live Nation Merchandise, Inc. ("Plaintiff") is a Delaware corporation with its principal place of business in Los Angeles, California.

3. Defendants John Does 1-100, Jane Does 1-100 and XYZ Company are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4. Upon information and belief, the defendants will be present in and about the District of Massachusetts in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

1

5.    Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein.  Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

6.    Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including, but not limited to tour books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Tour Merchandise") which embody the trademarks, service marks, likenesses, logos and other indicia of musical performers.

7.    The group known as "**JONAS BROTHERS**" (the "Group"), is the trademark used by this group in connection with their performing, merchandising, recording and other related goods and services in all aspects of the entertainment industry and to distinguish their services and goods from all other such performers.

8.    The Group has obtained US Federal Trademark Registrations for their **JONAS BROTHERS** trademark: Registration Number 3550126, IC 025 for use in connection with clothing; Registration Number 3550172, IC 014 for use in connection with jewelry; Registration Number 4105832, IC 018 for use in connection with bags; Registration Number 3649604, IC 016 for use in connection with paper products; Registration Number 4105833, IC 16 for use in connection with other paper products; Registration Number 3665680, IC 041 for use in connection with entertainment services; and Registration Number 3649605, IC 009 for use in connection with sound recordings. The Group has also obtained US Trademark Registration for their **TEAM JONAS**

trademark: Registration Number 3808504, IC 025 for use in connection with clothing, IC 016 for use in connection with paper products, and IC 041 for use in connection with entertainment services.  The Group has obtained US Trademark Registration for their **JONAS BROTHERS** design trademark:



Registration Number 4109080, IC 025 for use in connection with clothing; Registration Number 3640972, IC 016 for use in connection with paper products; and Registration Number 4115198, IC 016 for use in connection with other paper products. All of the above trademarks are incontestable.

9. Pursuant to an agreement between the Group and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all trademarks, service marks, likenesses, logos and other indicia of the Group (collectively, the "Group's Trademarks") on and in connection with Tour Merchandise ("Authorized Tour Merchandise") sold and offered for sale in the vicinity of the Group's present United States tour (the "Tour").

10. The Plaintiff has used the Group's Trademarks to identify officially authorized goods and services in interstate commerce and to distinguish their marks from those of others by, among other things, prominently displaying the Group's Trademarks merchandise, including T-shirts and other apparel.

11. The Group has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Group has appeared in concerts at

major arenas and stadiums in the United States, and throughout the world and has been seen and heard in concert by millions of popular music enthusiasts. The previous tours by the Group were attended by hundreds of thousands of people.

12. As a result of the foregoing, each of the Group's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of merchandise bearing any or all of the Group's Trademarks. Plaintiff and the Group annually realize substantial income from the sale of the Authorized Tour Merchandise bearing the Group's Trademarks.

13. On August 17, 2019 at the TD Garden in Boston, Massachusetts, the Group will perform (the "Concert"). Authorized Tour Merchandise bearing any or all of the Group's Trademarks will be sold throughout the United States before, during and after all concerts on the Tour.

## DEFENDANTS' UNLAWFUL CONDUCT

14. Defendants, also known as "Bootleggers" will sell and distribute unauthorized, infringing T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Group's Trademarks (the "Infringing Merchandise" or "Bootleg Merchandise") in the vicinity of the Concert, before, during and after the performance, and at subsequent concerts during the Tour.

15. The Infringing Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Infringing Merchandise is not authorized by the Group or Plaintiff. Further, the Infringing Merchandise sold and to be sold by Defendants is generally of inferior quality. The sale of such merchandise has injured and is likely to injure the reputation of the Group which

has developed by virtue of their public performances and the reputation for high quality associated with Plaintiff and Authorized Tour Merchandise.

16. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Infringing Merchandise is authorized, sponsored or approved by the Group and/or Plaintiff and that such Infringing Merchandise is subject to the same quality control and regulation required by the Group and/or Plaintiff, despite the fact that this is not true.  It also injures Group and Plaintiff in that Defendants do not pay any royalty for these unlawful sales.

17. The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing trademarks, service marks, likenesses, logos and other indicia of the Group constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise.  The use by Defendants of the Group's Trademark also constitutes an attempt to palm off and appropriate to themselves the Group's and Plaintiff's exclusive rights therein.

18. Upon information and belief, Defendants will continue to engage in such infringing activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Group.

19. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(Infringement of Registered Trademark)**

20. Plaintiff realleges each allegation set forth in the paragraphs above.

21. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered mark.

### SECOND CLAIM FOR RELIEF
### (Violation of the Lanham Act)

22. Plaintiff realleges each allegation set forth in the paragraphs above.

23. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, Live Nation Merchandise, Inc. seeks relief against Defendants as follows:

A. As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the federally registered trademarks, service marks, likenesses, logos and other indicia of the Group or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B.	As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Infringing Merchandise which the Defendants attempt to sell or distribute within or in the vicinity of the Group's concerts on the Tour, including whether this occurs before, during or after the concerts.

C.	That Defendants deliver up for destruction any and all Infringing Merchandise.

D.	As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

E.	As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated: August 8, 2019

Respectfully Submitted
LIVE NATION MERCHANDISE, INC.
By Its Attorneys
/s/ M. Lawrence Oliverio
M. Lawrence Oliverio, Esq., BBO #378755
loliverio@polsinelli.com
Polsinelli, PC
One International Plaza, Ste 3900
Boston, MA 02110
Tel: (617) 406-0335; Fax: (617) 367-4656

Cara R. Burns, Esq. (CA Bar # 137557)
Hicks, Mims, Kaplan & Burns
cburns@hmkblawyers.com
28202 Cabot Rd, Suite 300
Laguna Niguel, CA 92677
Tel: (310) 314-1721; Fax: (310) 314-1725